United States Bankruptcy Court
Eastern District of Arkansas

In re **Natalie C. Johnson**  
Debtor(s)

Case No.  
Chapter **13**

# Arkansas Chapter 13 Plan
(Local Form 13-1)

**Original Plan** ☑  **Amended Plan** ☐  **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.

The Amended Plan is filed:  ☐ Before confirmation  
☐ After confirmation

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.

Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Batesville, Helena, Jonesboro, Little Rock, or Pine Bluff Divisions): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☑ **Original plan filed** *at the time* **the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

☐ **Original plan filed** *after* **the petition is filed or amended plan (only if filed prior to the 341(a) meeting):** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☐ **Amended plan:** Within 21 days after the filing of the amended plan.

Debtor(s) **Natalie C. Johnson** Case No.

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☐ Included | ☑ Not included |

## Part 2: Plan Payments and Length of Plan

2.1 **The debtor(s) will make regular payments to the trustee as follows:**
*Inapplicable portions below need not be completed or reproduced.*

**Original plan:** The debtor(s) will pay $**1,033.00** per month to the trustee. The plan length is **60** months.
The following provision will apply if completed:

Plan payments will change to $ **1,201.00** per month beginning on **11**.

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Payments shall be made from future income in the following manner:**

Name of debtor **Natalie C. Johnson**
☑ Direct pay of entire plan payment or ____ (portion of payment) per month.

☐ Employer Withholding of $_____ per month

Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
If other, please specify:____
Employer name: _____
Address: _____
_____
Phone: _____

Name of debtor

☐ Direct pay of entire plan payment or ____ (portion of payment) per month.

☐ Employer Withholding of $_____ per month.

Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
If other, please specify:____
Employer name: _____
Address: _____
_____
Phone: _____

Debtor(s) **Natalie C. Johnson** Case No.

### 2.3 Income tax refunds.

*Check one.*

☑ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

### 2.4 Additional payments.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## Part 3: Treatment of Secured Claims

### 3.1 Adequate Protection Payments.
*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| American Honda Finance 2018 | 2018 Honda Accord 16,000 miles | 318.47 | ☑ Preconfirmation<br>☑ Postconfirmation |
| Capital One Auto Finance 2001 | 2013 Honda Accord 110,000 miles daughters car | 53.21 | ☑ Preconfirmation<br>☑ Postconfirmation |

### 3.2 Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

### 3.3 Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ Claims listed in this subsection consist of debts that were:

Debtor(s) **Natalie C. Johnson**                                                                                      Case No.

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s) ("910 car claims"), or
(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value ('PMSI within one year").

The creditors below will retain their liens and secured claims will be paid in full under the plan at the monthly payment and interest at the rate stated below. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below, except as to value, interest rate and monthly payment.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|
| American Honda Finance 2018 | 2018 Honda Accord 16,000 miles | 3909 | 31,847.35 | 28,365.00 | 7% | 630.62 |
| Capital One Auto Finance 2001 | 2013 Honda Accord 110,000 miles daughters car | 04/2015 | 5,321.00 | 12,525.00 | 7% | 105.36 |

3.4   **Claims for which § 506 valuation is applicable. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

   *Check one.*
   ✓ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5   **Surrender of collateral.**

   ✓ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6   **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

## Part 4: Treatment of Fees and Priority Claims

4.1   **General.**
   Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

4.2   **Trustee's fees.**

   The trustee's fees are governed by statute and may change during the course of the case.

4.3   **Attorney's fees.**
   The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

   |   |   |   |
   |---|---|---|
   | Amount paid to attorney prior to filing: | $ | **0.00** |
   | Amount to be paid by the Trustee: | $ | **4,000.00** |
   | Total fee requested: | $ | **4,000.00** |

Debtor(s) **Natalie C. Johnson** Case No.

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

The initial fee and percentage rate requested in the application are $ __1,500.00__ and __25.00__ %, respectively.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☑ Filed and allowed priority claims (usually tax claims), including without limitation, the following listed below, will be paid in full in accordance with 11 U.S.C. § 1322(a)(2), unless otherwise indicated. For claims filed by governmental units, the categorization of the claim by the creditor (secured, priority, nonpriority unsecured) and amounts shall control over any contrary amounts unless otherwise ordered by the court.

| Creditor | Nature of claim (if taxes, specify type and years) | Estimated claim amount |
|---|---|---|
| ARDFA | taxes owed | 190.44 |
| IRS | taxes owed | 8,061.31 |

**4.5** **Domestic support obligations.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims.**
Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below**. For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: ____

*Check one, if applicable*
☑ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

☐ Other, Please specifiy ____

**5.2** **Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1** **Executory Contracts and Unexpired Leases.**

Arkansas Plan Form - 8/18 Page 4

Debtor(s) **Natalie C. Johnson** Case No.

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

The executory contracts and unexpired leases listed below are assumed or rejected as indicated.

☑ **Assumed items.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by debtor(s), or by the trustee, as set forth below. Debtor(s) propose to cure any default by paying the arrearage on the assumed leases or contracts in the amount listed on the filed and allowed proof of claim, if contrary to the amount listed below.

| Creditor | Description of contract or property | Payment to be paid by | Payment amount | Number of remaining payments | Arrearage amount | Monthly arrearage payment |
|---|---|---|---|---|---|---|
| Rent a Center | Washer & Dryer | ☑ Debtor(s)<br>☐ Trustee | 168.00 | 10 | 0.00 | 0.00 |

☐ **Rejected items**. The debtor(s) reject the following executory contracts or unexpired leases. The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the property only. No further payments are to be made to the creditor on the contract or lease. However, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.

| Creditor and last 4 digits of account number | Description of contract or property |
|---|---|
| -NONE- | |

6.2  **Sale of assets.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

6.3  **Claims not to be paid by the trustee.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

6.4  **Postpetition claims.**

☐ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

☑ Postpetition claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor(s) and, if the creditor elects to file a proof of claim with respect to the postpetition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan. Upon completion of the case, any unpaid balance of such claim may be subject to discharge.

## Part 7: Vesting of Property of the Estate

7.1  **Property of the estate will vest in the debtor(s) upon:**

*Check the applicable box.*

☐ plan confirmation

☑ entry of discharge

☐ other: _____

Debtor(s) **Natalie C. Johnson** Case No.

## Part 8: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced*

## Part 9: Signatures

**By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.**

**/s/ G. Gregory Niblock**      **Date**   **January 9, 2019**
**G. Gregory Niblock 88047**
**Signature of Attorney for Debtor(s)**

     **Date**

     **Date**

**Signature(s) of Debtor(s)**
**(required if not represented by an attorney;**
**otherwise optional)**

Debtor(s) **Natalie C. Johnson** Case No.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that copies of the foregoing Notice and attached Chapter 13 Plan have been served to the Standing Chapter 13 Trustee and US Trustee by way of CM/ECF and served by US Mail, postage prepaid to the following on the 9th of January, 2019.

Dept. Finance & Admin.  
Legal Division  
PO Box 1272  
Little Rock AR 72203  

IRS  
PO Box 7346  
Philadelphia, PA 19114  

U. S. Attorney (East.Dist.)  
P. O. Box 1229  
Little Rock, AR 72203  
      or  

AR Dept Workforce Services  
Legal Division  
P. O. Box 2981  
Little Rock, AR 72203  

U. S. Attorney (West.Dist.)  
PO Box 1524  
Fort Smith, AR 72901  

and to all creditors as set forth in Exhibit "A" attached hereto, all on the DATE of this Notice.

/s/ G. Gregory Niblock  
G. Gregory Niblock #88047

**Exhibit "A"**

Access Credit Management  
11225 Huron Lane, Suite 222  
Little Rock, AR 72211  

American Honda Finance  
Attn: Bankruptcy  
PO Box 168088  
Irving, TX 75016  

American Profit Recovery  
Attn: Bankruptcy  
34505 W 12 Mile Road #333  
Farmington Hills, MI 48331  

ARDFA  
PO Box 1272  
Room 2380  
Little Rock, AR 72203  

Arkansas Children's Hospital  
PO Box 8088 Slot 672  
Little Rock, AR 72203  

Arkansas Pediatric Clinic LR  
500 S. University Ave.  
Ste. 200  
Little Rock, AR 72205  

Arvest Bank  
PO Box 799  
Lowell, AR 72745  

AT&T  
PO Box 930170  
Dallas, TX 75393  

Bank Of America  
4909 Savarese Circle  
Fl1-908-01-50  
Tampa, FL 33634  

Capital One  
Attn: Bankruptcy  
Po Box 30285  
Salt Lake City, UT 84130  

Capital One Auto Finance  
PO Box 60511  
City of Industry, CA 91716  

Cavalry Portfolio Services LLC  
500 Summit Lake Dr.  
Ste 400  
Valhalla, NY 10595  

Comenity Bank  
PO Box 182273  
Columbus, OH 43218  

Command Pest Control  
10401 Colonel Glenn Rd  
Little Rock, AR 72204  

Convergent Outsourcing, Inc.  
PO Box 9004  
Renton, WA 98057  

Arkansas Plan Form - 8/18      Page 7

Debtor(s) **Natalie C. Johnson**                                        Case No.

| | | |
|---|---|---|
| Credit Cntrl<br>Attn: Bankruptcy Department<br>Po Box 55165<br>Little Rock, AR 72215 | Dekalb County Solutions, Inc<br>P.O. Box 447<br>Sycamore, IL 60178 | Fingerhut<br>6250 Ridgewood Rd<br>Saint Cloud, MN 56303 |
| Franklin Collection Service<br>PO Box 3910<br>Tupelo, MS 38803 | HSBC Bank Nevada<br>PO Box 9<br>Buffalo, NY 14240 | IRS<br>PO Box 7346<br>Philadelphia, PA 19114 |
| Jefferson Capital Systems, LLC<br>Po Box 1999<br>Saint Cloud, MN 56302 | Keith A. Aiken<br>P.O. Box 772719<br>Memphis, TN 38177 | Midland Funding, LLC<br>Attn: Bankruptcy<br>2365 Northside Dr.<br>Ste 300<br>San Diego, CA 92108 |
| Phoenix Financial Services<br>8902 Otis Ave<br>Ste 103A<br>Indianapolis, IN 46216 | Progressive<br>256 W. Data Drive<br>Draper, UT 84020 | Regions Bank<br>PO Box 11407<br>Birmingham, AL 35202 |
| Rent a Center<br>9112 Rodney Parham Road, 132<br>Little Rock, AR 72205 | RMC of America<br>PO Box 21030<br>White Hall, AR 71612 | Stromans<br>901 John Barrow Rd.<br>Little Rock, AR 72205 |

Tripcony May Associates
415 N. McKinley
Suite 180
Little Rock, AR 72205

U.S. Department of Education
Ecmc/Bankruptcy
Po Box 16408
Saint Paul, MN 55116

University of Central Arkansas
201 S. Donaghey Ave
Conway, AR 72032

Victoria Secert
P.O. Box 659728
San Antonio, TX 78265

Natalie C. Johnson
5 Cedar Branch Dr
Little Rock, AR 72223

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy